IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No.  CCB-13-0116 |
| | * | |
| LOUSHAWN ROBINSON | * | |

********

## MEMORANDUM

Loushawn Robinson is a federal prisoner who is serving a 151-month sentence for forced accompaniment during a bank robbery. (ECF 32, Judgment). Now pending is Robinson's pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF 60).[1] The government opposes the motion, (ECF 69). For the reasons explained below, the motion will be denied.

### BACKGROUND

On September 29, 2012, Robinson and two other masked men, one of whom was armed, entered the Carroll Community Bank in Sykesville, Maryland. (ECF 69-1, Pre-Sentence Report, ¶ 10). Robinson led one bank employee to the vault and zip-tied her hands. (*Id.*). Robinson and his accomplices fled in two cars with over $23,000 in cash. (*Id.*). After a brief pursuit, Robinson crashed his car into a tree outside an elementary school and was arrested by police. (*Id.* at 11).

Robinson pled guilty to one count of Armed Bank Robbery, Forced Accompaniment, in violation of 18 U.S.C. § 2113(e). (ECF 32, Judgment, at 1). He was sentenced to 151 months imprisonment, followed by a five-year term of supervised release. (*Id.* at 2).

---

[1] Robinson supplements his motion for sentencing reduction with his medical records and proof of exhaustion. (ECF 70).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Robinson requests compassionate release on the basis that his underlying health conditions place him at greater risk of serious illness related to COVID-19. Robinson has exhausted his administrative remedies and his motion is properly before the court. (EFC 69-3, Warden's Letter). The only issues are (1) whether there are "extraordinary and compelling reasons" that would support reduction of Robinson's sentence, and (2), if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical

2

condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten

years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor

child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated

and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP.

*See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence

reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in

Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As the Fourth

Circuit has held, however, the court possesses independent discretion—guided, but not bound by,

Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and

compelling reasons" to reduce a sentence. *See United States v. McCoy*, 981 F.3d 271, 288 (4th Cir.

2020).[2]

Robinson argues that his risk of developing serious illness related to COVID-19 due to his

underlying medical conditions (type 1 diabetes and hypertension) constitutes an "extraordinary

and compelling" reason to reduce his sentence. (ECF 60 at 1, ECF 70-1, Medical Doc.).[3] The

Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase

an individual's risk of severe illness related to COVID-19. *See Underlying Medical Conditions*

*Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html

---

[2] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also McCoy*, 981 F.3d at 277-78 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

[3] Robinson only explicitly argues that he is at elevated risk of developing serious illness related to COVID-19 because of his diabetes. (ECF 60 at 1). The medical documentation he provides, however, also indicates that he suffers from hypertension (and various other diagnoses that do not appear on the CDC's list of qualifying underlying conditions). (ECF 70-1).

(updated Oct. 14, 2021). The CDC distinguishes between those conditions that are "supported by meta-analysis/systematic review" (e.g., cancer), those that are "supported by mostly observational. . . studies" (e.g., Down syndrome), and those that are supported only by "mixed evidence" (e.g., asthma). *Id.* Type 1 Diabetes is in this first group, while hypertension is supported only by mixed evidence.

The government does not concede that Robinson's diabetes and hypertension pose an increased risk of contracting severe illness related to COVID-19. Rather, the government states that Robinson's diabetes is currently stable, was noted in his pre-sentence report, and does not constitute "extraordinary and compelling reasons" for compassionate release. (*See* ECF 69 at 2, 13-14). The court disagrees. As Robinson has provided documentation of his diagnoses which place him at elevated risk of severe illness related to COVID-19, he has met his burden of providing underlying conditions that constitute "extraordinary and compelling reasons" for compassionate release.

The compassionate release statute, however, provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief based on Robinson's history and characteristics and the court's conclusion that Robinson remains a danger to the community. *See* § 3553(a)(1), (2)(B-C). Robinson was convicted of a serious felony involving the use of force, and this was not the first time Robinson engaged in conduct dangerous to the community. (*See* ECF 69-1 ¶¶ 12, 41 (describing Robinson's criminal history of at least two prior armed robbery convictions, for which he was on release when he committed the federal offense). Moreover, Robinson has a serious disciplinary record in the Bureau of Prisons. (*See* ECF 69-2 (describing disciplinary infractions for

4

assaults, theft, encouraging a riot, possession of drugs, and damage to prison property)). As noted in Robinson's pre-sentence report, the prior convictions involving armed robberies qualified Robinson as a career offender. (ECF 69-1 ¶¶ 29, 43). Robinson still has a significant portion of his sentence to serve. Thus, the purposes of deterrence and protection of the community are not yet satisfied. Accordingly, while the court is sympathetic to Robinson's concerns about COVID-19, he is not an appropriate candidate for compassionate release.

**CONCLUSION**

For the reasons explained above, Robinson's motion for compassionate release will be denied. The associated motions to seal will be granted to protect the confidentiality of personal medical information. A separate order follows.

11/5/21
Date

Catherine C. Blake
United States District Judge